IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| FRED HEIDARPOUR, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiffs<br><br>vs.<br><br>CENTRAL PAYMENT CO., LLC<br><br>        Defendant | Civil Action File No.  4:15-cv-139 (CDL)<br><br><br>CLASS ACTION COMPLAINT |

**CLASS ACTION COMPLAINT**

**Preliminary Statement**

1.  Plaintiff Fred Heidarpour ("Mr. Heidarpour" or "Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices.  *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.  Mr. Heidarpour alleges that Defendant Central Payment Co., LLC ("Central Payment" or "Defendant")) violated the TCPA by telemarketing to his residential telephone line via pre-recorded message without his prior express written consent.

3.  Because the calls to Mr. Heidarpour were transmitted using technology capable of generating thousands of similar calls per day, Mr. Heidarpour brings this action on behalf of a proposed nationwide class of other persons who received illegal telephone calls from Central Payment.

4.     A class action is the best means of obtaining redress for the Defendant's illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

### Parties

5.     Plaintiff Heidarpour is a resident of Arizona.

6.     Defendant Central Payment is a Delaware corporation that has its principal office in this District in Columbus, GA 31901.

### Jurisdiction & Venue

7.     The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

8.     Venue is proper under 28 U.S.C. § 1391(b)(1) because the defendant resides in this judicial district.

### TCPA Background

9.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

10.    Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls ("robocalls"), finding:

> [R]esidential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
>
> . . . .
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call[,] . . . is the only effective

2

means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* § 2(10) and (12); *see also Mims*, 132 S. Ct. at 745.

11. The TCPA prohibits persons from initiating any telephone call to a residential telephone line using a prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order of the FCC. 47 U.S.C. § 227(b)(1)(B); *see also* 47 C.F.R. § 64.1200(a)(2).

12. A telemarketer may use a pre-recorded message to call a residential telephone number however, the telemarketer must have first obtained the call recipient's prior express written consent.

13. Prior express written consent requires an agreement, in writing, bearing the signature of the person called that (a) clearly authorizes the caller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an artificial or prerecorded voice, and (b) lists the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. *See* 47 C.F.R. § 64.1200(f)(8).

**Factual Allegations**

14. Central Payment provides credit card transaction processing services to businesses.

15. Central Payment uses telemarketing to obtain new clients.

16. On February 24, 25, March 5, 12, 26, April 16, May 21, July 1, and August 13, 2015, Central Payment placed pre-recorded telemarketing calls to the Plaintiff on a residential telephone number, (480) 595-XXXX.

17. After receiving the calls, the Plaintiff responded to the pre-recorded message to determine the identity of the caller.

18. On the calls, Central Payment attempted to solicit the Plaintiff to sign up for its services.

19. The following employees of the Defendant identified themselves on the calls: Johnathan Lieber, "Nicholas" and "Alex K" including their e-mail addresses: nick@cpaywi.com, john@cpaywi.com, and alex@cpaywi.com.

20. Central Payment did not have the Plaintiff's valid prior express written consent to make these telemarketing calls to his residential telephone line via pre-recorded message.

**Class Action Allegations**

21. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of all other persons or entities similarly situated throughout the United States.

22. The classes of persons Plaintiff proposes to represent include:

All persons within the United States whom Defendant, directly or through their agents, initiated a telephone call with a pre-recorded message to a residential line within four years before this Complaint was filed through the date of class certification.

23. Excluded from the class is the Defendant, any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

24. The proposed class members are identifiable through phone records and phone number databases.

25. The potential class members number in the thousands, at least. Individual joinder of these persons is impracticable.

26. Plaintiff is a member of the class.

27. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

    a. Whether the Defendant used a pre-recorded message to send telemarketing calls;

    b. Whether the Defendant placed telemarketing calls without obtaining the recipients' valid prior express written consent;

    c. Whether the Defendant's violations of the TCPA were negligent, willful, or knowing; and

    d. Whether the Plaintiff and the class members are entitled to statutory damages as a result of the Defendant's actions.

28. Plaintiff's claims are based on the same facts and legal theories as the claims of all class members, and therefore are typical of the claims of class members.

29. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

30. The actions of Central Payment are generally applicable to the class as a whole and to Plaintiff.

31. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

32. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

33. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA, 47 U.S.C. § 227(b)

34. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

35. The Defendant violated the TCPA by (a) initiating a telephone call using an automated dialing system or prerecorded voice to Plaintiff's telephone number, or (b) by the fact that others caused the initiation of those calls on its behalf.

36. The Defendant's violations were negligent, willful, or knowing.

### Count Two:
### Injunctive Relief

37. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

38. The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

39. The Plaintiff respectfully petitions this Court to order the Defendant, and its employees, agents and independent contractors, to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

## Relief Sought

For himself and all class members, Plaintiff requests the following relief:

1. That Central Payment be restrained from engaging in future telemarketing in violation of the TCPA.

2. That Central Payment, its agents, and anyone acting on its behalf, be immediately restrained from altering, deleting, or destroying any documents or records that could be used to identify class members.

3. That the Court certify the proposed class under Rule 23 of the Federal Rules of Civil Procedure.

4. That the Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation.

5. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Plaintiff,
By Counsel,


*/s/ Steven H. Koval*
Steven H. Koval
Attorney for Plaintiff
Georgia Bar No. 428905
THE KOVAL FIRM, LLC
3575 Piedmont Road
15 Piedmont Center, Suite 120
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile:  (404) 549-4654
shkoval@aol.com

Edward A. Broderick
Anthony Paronich
Broderick Law, P.C.
99 High St., Suite 304
Boston, MA  02110
(508) 221-1510
ted@broderick-law.com
anthony@broderick-law.com
*Subject to Pro Hac Vice*

Matthew P. McCue, Esq.
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, MA 01760
(508) 655-1415
(508) 319-3077 *facsimile*
mmccue@massattorneys.net
*Subject to Pro Hac Vice*