```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF GEORGIA
                         COLUMBUS DIVISION

FRED HEIDARPOUR, individually    *
and on behalf of a class of all
persons and entities similarly   *
situated,
                                 *
     Plaintiffs,
                                 *     CASE NO. 4:15-CV-139(CDL)
vs.
                                 *
CENTRAL PAYMENT CO., LLC,
                                 *
     Defendant.
```

O R D E R

In this putative class action, Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, by making prerecorded unsolicited telephone calls to Plaintiff and others who are similarly situated. Plaintiff contends that the unwanted calls invaded his privacy, created a nuisance, and occupied his telephone line, causing him particularized injury for which he is entitled to recover statutory damages under the TCPA. Defendant argues that Plaintiff does not have Article III standing to pursue his claims because he has not suffered a specifically identifiable harm. But instead of seeking dismissal of Plaintiff's claim at this stage for lack of subject matter jurisdiction, Defendant notifies the Court that the United States Supreme Court recently granted certiorari in a Ninth Circuit case involving a similar

issue, which Defendant suggests may be dispositive of the Court's jurisdiction in this case. *See Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014), *cert. granted*, 135 S.Ct. 1892 (Apr. 27, 2015). And Defendant moves the Court to stay this action until the Supreme Court provides guidance on the issue.

## DISCUSSION

Although the district court has broad discretion in deciding whether to stay proceedings, that discretion is not unbridled. *See Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264-65 (11th Cir. 2000)(vacating a stay). At a minimum, the party seeking the stay should be required to establish that it is likely to prevail on the issue upon which its motion is based. Defendant has failed to do that here. Consequently, a stay is not warranted.

Defendant argues that Plaintiff does not have Article III standing to pursue his claims because he has alleged no specific identifiable harm caused by Defendant's violation of the TCPA. In support of its motion to stay, Defendant suggests that the Supreme Court will likely provide some direction on this issue when it decides *Spokeo* this term; thus this Court should await that guidance. By granting certiorari in *Spokeo,* the Supreme Court presumably intends to decide whether the Ninth Circuit erred by holding that a consumer who proves a violation under the Fair Credit Reporting Act, but who does not suffer economic

harm, nevertheless has Article III standing to pursue a claim for statutory damages in federal court.  *Robins v. Spokeo, Inc.*, 742 F.3d 409, 413-14 (9th Cir. 2014).  Even if the Supreme Court decides this issue, the grant of certiorari does not suggest how the Court will likely rule.  It is well settled that a grant of certiorari by the Supreme Court does not have any precedential effect.  *Gissendaner v. Comm'r Ga. Dep't of Corr.*, 779 F.3d 1275, 1284 (11th Cir. 2015).  The precedent that binds this Court is the same the day before the Supreme Court granted certiorari in *Spokeo* as it was the day after.  That precedent is articulated by the Eleventh Circuit in *Palm Beach Golf Center-Boca, Inc. v. John G. Sarris,* 781 F.3d 1245, 1252 (11th Cir. 2015).  The mere grant of certiorari does not change that law.

In *Palm Beach Golf Center-Boca, Inc.*, the Eleventh Circuit held that a plaintiff who alleged that the defendant violated the TCPA by sending an unwanted "junk" fax had Article III standing to pursue the claim for statutory damages even if the plaintiff could not show economic harm.  Although the plaintiff in *Palm Beach Golf Center-Boca, Inc.* received an unwanted fax, not unwanted telephone calls, *Palm Beach Golf Center-Boca, Inc.* is closely analogous binding precedent in this case.  While Defendant may argue in a motion to dismiss for lack of Article III standing that *Palm Beach Golf Center-Boca, Inc.* is

3

distinguishable from the present action because fax communications are different from those transmitted by telephone, this factual distinction is not sufficiently different to authorize the Court to conclude that the Eleventh Circuit would likely decide the standing issue in this case different from how it decided the issue in *Palm Beach Golf Center-Boca, Inc.* It is noteworthy that Defendant does not even make that argument in support of its motion to stay.

When narrowed down to its essence, Defendant's argument for a stay is a practical one--it is simply more efficient for the Court to wait to decide the issue until the Supreme Court weighs in on the subject. While the delay of judicial proceedings in anticipation of potentially helpful future guidance has pragmatic appeal, the rationale for such delay ignores the most fundamental principles of *stare decisis.* Notwithstanding a possible conflict between following binding precedent and subjectively perceived notions of efficiency, the Court must follow the law. Here the present law strongly suggests that Plaintiff has standing to pursue his claims; the Supreme Court's decision to decide a similar issue in another pending case does not change that.[1]

---

[1] The Court observes that waiting for guidance on an issue of first impression, which is not the situation here, may be more justified than waiting to see whether existing binding precedent will be implicitly overruled, which is the situation here.

CONCLUSION

Based on the present record and current precedent, it is speculation to suggest that *Palm Beach Golf Center-Boca, Inc.* will not continue as the law in this Circuit.  Moreover, it is also speculation to suggest that the Eleventh Circuit will one day limit the holding in *Palm Beach Golf Center-Boca, Inc.* to unwanted junk faxes.  Bound by Circuit precedent undisturbed by a mere grant of certiorari in another case involving another statute, the Court cannot find that a stay is appropriate.  Defendant's motion (ECF No. 8) is denied.

IT IS SO ORDERED, this 25th day of November, 2015.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
