# Exhibit 3

# to the Deposition of

# Matthew Hyman

# August 16, 2016

N. Korthals
EXHIBIT 9
7/29/16
GRAMANN REPORTING, LTD.

EXHIBIT
3
Hyman 8/16/16
tabbies

## LOAN AGREEMENT and PROMISSORY NOTE

This LOAN AGREEMENT and PROMISSORY NOTE (Loan Agreement) is entered into and effective on this 6th day of February, 2013 (Effective Date) by and between Central Payment Co LLC (Holder) whose place of business is at 2350 Kerner Blvd, Suite 300, San Rafael, CA 94901 and the undersigned Nicholas Korthals, an individual (Maker) whose address is 23 [illegible] ave, Cedar Grove, WI 53013.

### RECITALS

1. Nicholas Korthals, an individual is a resident of the State of Wisconsin;
2. Holder is a limited liability company organized pursuant to the Laws of the State of Delaware and registered to conduct business in the State of California;
3. Holder is a registered Independent Sales Organization (ISO) with VISA, U.S.A., and a registered Member Service Provider (MSP) with MasterCard, International, and maintains contractual agreements with MasterCard, VISA U.S.A. and Member Banks (BANKS), whereby Holder solicits prospective merchants to apply to BANKS for Merchant Agreements, and provides various and sundry merchant account services to BANKS;
4. Holder and Maker executed a separate Representative and Non-Disclosure Agreement on or about November 27, 2013 (Representative Agreement);
5. Loan Balance is defined as any unpaid principal amounts advanced from the LOC to Maker by Holder;
6. Maker authorizes and directs Holder to withhold and apply against the Loan Balance any and all of the compensation earned by Maker each month pursuant to the Representative Agreement;
7. Maker promises and guarantees payment to Holder for the full amount of any unpaid Loan Balance owed by Maker;
8. Holder promises to provide a line of credit in the amount of Forty Thousand Dollars ($40,000) (LOC) to Maker and Maker promises to repay to Holder all amounts advanced from the LOC; and
9. Maker promises to use the funds advanced from the LOC solely for business purposes which shall benefit the business interests of Holder.

### LOAN AGREEMENT AND GUARANTEE

1. Line of Credit

A. Pursuant to the terms of this Loan Agreement, Holder promises to provide a line of credit (LOC) in the amount of Forty Thousand Dollars ($40,000) to Maker and Maker covenants and warrants to repay any and all amounts owed to Holder in full.

B. Maker promises to use the funds advanced from the LOC solely for business purposes which shall benefit the business interests of Holder.



CPAY000001

C. Holder possesses sole discretion to restrict, suspend or terminate the availability of the LOC to Maker at any time, with or without cause and with or without notice.
Maker authorizes, confirms and agrees that Holder is empowered to terminate the LOC at any time, with or without cause and with or without notice to Maker.

D. Loan Balance is defined as any unpaid principal amounts advanced from the LOC to Maker by Holder;

E. Holder is empowered to determine the amounts to be advanced to Maker from the LOC and the timing of such advance.

2. Interest Accrued

There is no stated interest at the rate on the Loan Balance.

3. Repayment of Loan Balance

A. Maker authorizes and directs Holder to withhold and apply against the Loan Balance owed to Holder any and all compensation earned by Maker each month pursuant to the Representative Agreement.

B. Regardless of any other terms in this Loan Agreement, Maker confirms and understands that Holder is empowered to demand immediate and full payment upon demand from Maker for the full amount of the Loan Balance, plus any expenses owed to Holder. Holder possesses sole discretion to demand immediate payment of the Loan Balance, plus any expenses from Maker at any time, with or without cause and with or without notice. A demand for immediate payment by Holder will be treated as an Occurrence of an Event of Default pursuant to this Loan Agreement.

4. Event of Default Defined

The occurrence of any one of the following shall constitute an Event of Default:

A. Holder determines that for any month, the total compensation earned by Maker pursuant to the Representative Agreement is insufficient. Holder possesses sole discretion to determine whether the residuals, bonuses and other compensation earned by Maker under the Representative Agreement is insufficient for any month and what constitutes insufficiency.

B. Maker pursuant to the Representative Agreement fails to generate any residuals, bonuses or other compensation in any month.

C. Maker seeks an order of relief under the federal bankruptcy laws.

D. Maker becomes insolvent.

E. A federal tax lien is filed against Maker.

F. Holder issues a payment upon demand to Maker.

**5. Occurrence of an Event of Default**

If Maker incurs an Event of Default as defined in this Loan Agreement, or if Holder restricts, suspends, or terminates the LOC with or without cause, or if Holder demands immediate payment in full from Maker, Holder is empowered to:

A. Accelerate the payments due; and

B. Demand immediate payment in full for the entire Loan Balance from Maker.

C. If Maker incurs an Event of Default under this Loan Agreement or if Holder demands immediate payment in full or if Holder restricts, suspends, or terminates the LOC, Maker authorizes and directs Holder to attach and debit the bank account of Maker for the full amount of the Loan Balance, including any other amounts owed to Holder by Maker.

(1) If the bank account of Maker is closed or has insufficient funds to repay the Loan Balance, Maker shall immediately present a cashier's check or a certified check to Holder for the full amount owed.

(2) If Maker fails to provide a cashier's check or a certified check to Holder, Maker promises to pay all collections costs incurred by Holder. The collection costs include attorney fees, court costs, damages and other expenses.

D. Maker grants to Holder a lien and authorizes the attachment of all of the personal and business assets of Maker.

**6. Waiver of Rights**

A. Maker waives demand or presentment for payment, notice of nonpayment or dishonor and protest, notice of protest, or notice of nonpayment, notice of maturity and notice of acceleration.

B. In the Event of Default or nonpayment, Maker promises and guarantees to reimburse Holder for all collection costs, including attorney fees, collection fees and court costs.

**7. Choice of Law and Forum**

A. This Agreement shall be governed by the Laws of the State of California.

B. Disputes relating to or arising from this Loan Agreement shall be adjudicated in a court of competent jurisdiction located in or whose jurisdiction includes Marin County, California.

**8. Authority**

All signatories executing this Loan Agreement represent that they have the full right, capacity and authority to enter into this Loan Agreement and perform the terms.

By their signatures below, Maker and Holder accept, understand and agree to the terms of this Loan Agreement as of the Effective Date.

Nicholas Korthals (Maker):

By: ______________________ 2/6/14 ______________________

Nicholas Korthals, an individual — Date

Central Payment Co LLC (Holder)

______________________ ______________________

Matthew Hyman,
Managing Director — Date