IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| FRED HEIDARPOUR, individually and on behalf of a class of all persons and entities similarly situated, | * * * * |
| Plaintiffs, | * * |
| v. | * Case No. 4:15-cv-139 (CDL) |
| CENTRAL PAYMENT CO., LLC, | * * * |
| Defendant. | * |

## DECLARATION OF ADMINISTRATION

I, Christina Peters-Stasiewicz, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am Practice Area Director of the Litigation Support Services division at Alexander Reus, P.A. dba DRRT, an international claims-filing, data analysis and legal services firm. Further to the request of counsel, and as appointed by the Court, DRRT performed certain tasks as an administrator in this action.

2. I submit this declaration to provide information regarding the administration proceedings related to above-captioned action (the "Action").

3. This declaration is based upon my personal knowledge and information provided by my staff and associates.

4. DRRT coordinated certain administration tasks in the Action according to the terms of the Settlement Agreement and Preliminary Approval Order.

**NOTICE PROCESSES – CAFA NOTICE AND CLASS NOTICE**

5. On December 31, 2016, DRRT prepared and delivered notices required by the Class Action Fairness Act (CAFA) to the United States Postal Service (USPS) for delivery to the Attorneys

General of the states, territories, and U.S. A copy of the CAFA Notice is attached as Exhibit A.

6. On or about January 24, 2017, DRRT prepared a list using the data received from Class Counsel representing the records for 301,592 unique class telephone numbers (the "Source Data").

7. From about January 10, 2017 through about January 23, 2017, DRRT coordinated a reverse append process utilizing various data sources to identify names and addresses from the telephone numbers in the Source Data. The reverse append process locates name and address information for Class Members based upon available consumer records and databases. As a result of this research, 275,758 names and addresses were located for Class Members (the "Mail List").

8. On or about January 25, 2017, DRRT caused the Mail List addresses to be standardized and updated using the national change of address database compiled and maintained by the USPS.

9. On or about February 9, 2017, DRRT caused the Notice to be personalized with the Class Member's name and address from the Mailing List and telephone number from the Source Data.

10. On February 10, 2017, DRRT caused the Notice to be mailed to the 275,758 Class Members on the Mailing List via First-Class Mail, postage prepaid. A generic copy of Notice is attached as Exhibit B.[1]

11. As of the date of this declaration, there have been 44,507 Notices returned by the USPS to DRRT as undeliverable. Of those, 115 had a USPS forwarding address and were re-mailed.

12. Notice was sent successfully to 84% of the Source Data addresses identified without being returned undeliverable, and to approximately 78% of all records from the Source Data. This exceeds the 70% notice reach deemed reasonable by the Federal Judicial Center.

**TOLL-FREE TELEPHONE AND WEBSITE**

13. Prior to the Notice mailing, a toll-free telephone number was established with an automated

---

[1] DRRT established a mailing address for receipt of mail related to the settlement which was printed on the Notice.

attendant system and call-back capability. Callers were presented with a series of options which allowed them to hear basic information about the settlement or request a copy of the claim form.

14. As of the date of this Declaration, there were more than 230 calls to the toll-free number.

15. Prior to Notice mailing, the website paymentprocessorTCPA.com was established. The website includes general information, answers to frequently asked questions, the long-form notice (attached as Exhibit C), the Stipulation, Complaint and Order, and an online Claim Form for web or print-and-mail submission. The website has been visited more than 36,150 times.

**EXCLUSION REQUESTS**

16. Exclusion requests were due to be postmarked by April 14, 2017. As of the date of this declaration, DRRT has received one timely request for exclusion which is attached as Exhibit D.[2]

17. Class Members who object to the approval of the proposed settlement were to file their objections with the Court. As of the date of this declaration, DRRT has received no objections.

**CLAIM PROCESSING**

18. As directed by the Order, the claims filing deadline is April 14, 2017. Claim forms were to be mailed to the address listed in the notice postmarked no later than April 14, 2017, or submitted online by April 14, 2017.

19. As of the date of this declaration, DRRT has received 48,726 claim forms. Processing and review of claim forms is currently in process. Audits to locate duplicate or otherwise ineligible submissions are ongoing.

20. The present number of claim forms received represents a response rate of greater than 20% of those individuals who received Notice. This is a high response rate relative to certain similar

---

[2] Mail related to the settlement continues to be received. DRRT will keep the parties informed regarding the ongoing submissions. If any additional exclusion requests are received, a supplemental declaration will be provided to the parties for filing with the Court.

class actions, which have yielded approximate 5-10% response rates.

21.     Based on the number of claim forms currently processed and not duplicative, the presently estimated *pro rata* settlement award distribution per claim form is anticipated to be approximately $108. The per-claim distribution may increase if additional duplicative or ineligible claims are located and rejected.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED at Milwaukee, Wisconsin, this 19th day of April 2017.

_____
Christina Peters-Stasiewicz

# Exhibit A

DATE

OFFICE
ADDRESS
CITY STATE ZIP

      Re:    *Fred Heidarpour v. Central Payment Co., LLC*, Case No. 4:15-cv-139 (CDL), pending in the United States District Court for the Middle District of Georgia

Dear Sir or Madam:

This notice is provided pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715. A disc is enclosed, which includes electronic copies of (i) the Complaint; (ii) the Settlement Agreement with exhibits, including the proposed notice to class members; and (iii) a comprehensive overview of the estimated proportionate share of class members by state along with a file providing class member name and address as organized by state.

The court has not yet entered an order of preliminary approval. A proposed preliminary approval order is included as an exhibit to the Settlement Agreement. There is not yet a hearing scheduled with regard to this matter.

There is no other agreement contemporaneously made between class counsel and counsel for the Defendant. There is not yet any final judgment or notice of dismissal.

Sincerely,

DRRT, Class Action Administrator
(p) 305-760-8052
(f) 305-760-8045

Encl.

# Exhibit B

<u>A COURT AUTHORIZED
THIS LEGAL NOTICE</u>

**If you received calls from or on behalf of Central Payment, you may be entitled to benefits under a class action settlement.**

A settlement has been reached in a class action lawsuit, *Heidarpour v. Central Payment Co., LLC*, No. 4:15-cv-139 (CDL) (U.S. District Court M.D.Ga.), where Plaintiff alleges that third parties hired by Central Payment caused pre-recorded calls to be placed. Central Payment denies any wrongdoing, has asserted defenses, and in agreeing to settle, does not admit any wrongdoing.

**Central Payment Settlement
Claims Administrator
PO Box 421
Claysburg, PA 16625**



Postal Service: Please do not mark barcode

Claim ID #:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*MIXED AADC 180 T1P11
Name
Address

```
PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
SCRANTON, PA
PERMIT # 384
```

---

**Central Payment Settlement Claim Form**

To make a claim, fill out each section of this Form, sign where indicated, carefully tear at perforation, and drop in the mail.  Claim Forms must be submitted by **April 14, 2017**.  You may also complete your Claim Form online at www.PaymentProcessorTCPA.com or to update your address information.  Please have your unique identifier ready.

**Part I: Claimant Identification.**



Name (First, Last): _____
Street Address: _____
City: _____ State: _____ ZIP Code: _____
Foreign Country (only if not USA): _____
Phone number at which you received calls regarding Central Payment #: (____) ____–_____

**Part II: Claim.   Unique Identifier:                    Phone Number:**

Phone number at which you received calls regarding Central Payment, if different from information pre-printed above:  (____) ____–_____

**Part III: Certification.** By submitting this Claim Form, I certify that the foregoing information supplied by the undersigned is true and correct.

Signature: _____ Date: _____/_____/_____

Print Name: _____

**WHO IS A CLASS MEMBER?**

You may be in the Settlement Class if, on or after August 18, 2011, you received a pre-recorded call by or on behalf of Central Payment Co., LLC ("Central Payment").

**SETTLEMENT TERMS**

Central Payment will pay $6,500,000 into a fund that will cover: (1) cash payments to eligible Settlement Class Members who submit Claim Forms; (2) attorneys' fees to Class Counsel not to exceed $2,166,666 plus litigation costs of $43,900.41 Class Counsel incurred prosecuting this litigation as approved by the Court; (3) court-approved service award of $25,000 to the Class Representative; and (4) the costs of administering the settlement. Your share of the fund will depend on the number of claims made. However, Class Counsel estimate you will receive approximately $100-150. The $6,500,000 will be divided among Settlement Class Members who file timely, valid claims after deducting settlement expenses, the service awards, and attorneys' fees and costs.

**YOUR RIGHTS AND OPTIONS**

**Submit a Claim Form**. To receive a cash award, fill out the attached Claim Form and drop it in the mail. You may also submit a Claim Form electronically on the Settlement Website: www.PaymentProcessorTCPA.com. You may request a Claim Form by calling 1-855-770-0003 or you may submit or download a Claim Form on the Settlement Website. Settlement Class Members may only submit one claim. Your Claim Form must be postmarked no later than **April 14, 2017**.

**Opt Out**. You may also exclude yourself from the lawsuit and keep your right to sue Central Payment on your own by sending a written request for exclusion to the Claims Administrator by **April 14, 2017**. If you do not exclude yourself, you will be bound by the settlement and give up your right to sue regarding the settled claims. Please visit the Settlement Website for more details.

**Object**. If you do not exclude yourself, you have the right to comment or object to the proposed settlement. Written objections must be signed, postmarked by **April 14, 2017**, and provide the reasons for the objection. Please visit the Settlement Website for more details.

**Do Nothing.** If you do nothing, you will not receive any payment and will lose the right to sue regarding any issues relating to this action. You will be considered part of the Settlement Class, and you will be bound by the Court's decisions.

**Attend the Final Approval Hearing**. The Court has set a hearing to decide whether the settlement should be approved on May 4, 2017 at 10:00 a.m. at the United States District Court for the Middle District of Georgia, 120 12th Street, Columbus, GA 31902. All persons who timely object to the settlement by **April 14, 2017** may ask to appear at the Final Approval Hearing.

**This Notice is only a summary. You can find more details about the settlement on the website: www.PaymentProcessorTCPA.com or by calling toll free 1-855-770-0003. Please do not contact the Court.**

Central Payment Settlement
Claims Administrator
PO Box 421
Claysburg, PA 16625

POSTAGE HERE

# Exhibit C

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA

*Heidarpour v. Central Payment Co., LLC*
Case No. 4:15-cv-139 (CDL)

# If pre-recorded calls from Central Payment were directed to your cellular telephone OR residential telephone line, you could get a payment from a class action settlement.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- Central Payment Co., LLC ("Central Payment") has agreed to pay $6,500,000 into a fund from which eligible persons or entities who file claims will receive cash awards, estimated to be approximately $100-150 per claim.

- The settlement resolves a lawsuit involving allegations that third parties hired by Central Payment called people on or after August 18, 2011 using an artificial or prerecorded voice and calling telephone (1) cellular telephone numbers, (2) residential lines and/or (3) numbers previously registered on the National Do-Not-Call Registry.

- Court-appointed lawyers for the class ("Class Counsel") will ask the Court for up to $2,166,666 of the fund as attorneys' fees plus reimbursement of their out-of-pocket expenses they paid to investigate the facts, litigate the case, and negotiate the settlement.

- Central Payment denies all allegations of wrongdoing in the lawsuit. As part of the proposed settlement, Central Payment does not admit to any wrongdoing and continues to deny the allegations against it.

- The two sides disagree on whether Plaintiff and the class could have won at trial.

- Your legal rights are affected whether you act, or don't act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY APRIL 14, 2017** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF BY APRIL 14, 2017** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Central Payment about the legal claims in this case. |
| **OBJECT BY APRIL 14, 2017** | Write to the Court explaining why you don't like the settlement. |
| **ATTEND A HEARING ON MAY 4, 2017** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

QUESTIONS? CALL 1-855-770-0003 TOLL FREE OR VISIT www.paymentprocessorTCPA.com
~ 1 ~

# BASIC INFORMATION

### 1. What is this Notice and why should I read it?

The purpose of this Notice is to let you know that a proposed settlement has been reached in the class action lawsuit entitled *Heidarpour v. Central Payment Co., LLC*, No. 4:15-cv-139 (CDL). You have legal rights and options that you may act on before the Court decides whether to approve the proposed settlement. Because your rights will be affected by this settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the settlement and your rights under it.

### 2. What is this lawsuit about?

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims. All of these people are a class, or class members. One court resolves the issues for all class members, except those who exclude themselves from the class.

Here, the class representative claims that, on or after August 18, 2011, Central Payment violated the Telephone Consumer Protection Act ("TCPA") by making calls to residential or cellular telephones through the use of an automatic telephone dialing system or an artificial or prerecorded voice and to telephone numbers that were listed on the National Do-Not-Call Registry. The class representative claims that Central Payment did not have the recipients' permission to make these calls.

The Court has certified a class for settlement purposes only (the "Settlement Class"). U.S. District Court Judge Clay D. Land (the "Court") is in charge of this class action.

Central Payment denies that it did anything wrong, and denies that this case would be certified as a class action in litigation.

# THE SETTLEMENT

### 3. Why is there a settlement?

The Court did not decide in favor of the Plaintiff or Central Payment. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The class representatives and their attorneys think the settlement is best for the Settlement Class.

# WHO IS IN THE SETTLEMENT?

### 4. How do I know if I am a part of the settlement?

You are in the "Settlement Class" if, on or after August 18, 2011, Central Payment, or a third party acting on Central Payment's behalf:

> (1) Called you on a residential or cellular telephone using an automatic telephone dialing system or prerecorded voice; or

QUESTIONS? CALL 1-855-770-0003 TOLL FREE OR VISIT www.paymentprocessorTCPA.com
~ 2 ~

(2) Called you two or more times within a twelve month period on a telephone number that was on the National Do-Not-Call Registry.

The Settlement Class does not include Central Payment, any entity that has a controlling interest in Central Payment, and Central Payment's current or former directors, officers, counsel, and their immediate families. The Settlement Class also does not include any persons who validly request exclusion from the Settlement Class, as described under Question 10. A person who does not exclude him or herself is a "Settlement Class Member."

If you have questions about whether you are part of the Settlement Class, you may call 1-855-770-0003 or visit www.paymentprocessorTCPA.com for more information.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 5. What does the settlement provide?

Central Payment has agreed to pay $6,500,000 to be divided among all Settlement Class Members who send in a valid Claim Form after any fees, costs, service awards, and settlement administration expenses have been deducted.

Central Payment has also agreed to create policies and procedures **of not making telemarketing calls promoting Central Payment's products and services using pre-recorded messages.**

### 6. How much will my payment be?

Your share of the settlement will depend on the number of Claim Forms that Settlement Class Members submit. Class Counsel estimate you will receive approximately $100-$150 per claim, but this is only an estimate.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

### 7. How do I make a claim?

To qualify for payment, you must submit a Claim Form by April 14, 2017. There are multiple ways to submit a Claim Form. A Claim Form was mailed to potential Class Members in the form of a postcard notice. Read the instructions on the postcard carefully, fill out the form, sign it, and mail it postmarked no later than April 14, 2017. You may also submit a Claim Form online by going to the Settlement Website at www.paymentprocessorTCPA.com and following directions. You may update your address information by logging on to the website. You also may download a paper Claim Form on the Settlement Website or call the Settlement Administrator at 1-855-770-0003. Claim Forms sent by mail must be postmarked by April 14, 2017and mailed to:

Central Payment Settlement
Claims Administrator
P.O. Box 421
Claysburg, PA 16625

### 8. When will I get my payment?

The Court will hold a hearing on May 4, 2017 at 10:00 a.m. to decide whether to approve the settlement. If the settlement is approved, appeals may still follow. It is always uncertain whether these appeals can be resolved, and resolving them can take more than a year. Please be patient.

### 9. What am I giving up to get a payment or stay in the Settlement Class?

Unless you exclude yourself, you are staying in the Settlement Class and you will be a Settlement Class Member. That means you can't sue, continue to sue, or be part of any other lawsuit against Central Payment regarding the TCPA claims that are subject to the settlement. If the settlement is approved and becomes final and not subject to appeal, then you and all Class Members release all "Released Claims" against all "Released Parties." It also means that all of the Court's orders will apply to you and legally bind you.

The Settlement Agreement (available at www.paymentprocessorTCPA.com) describes the claims you are releasing (the "Released Claims") and against whom you are releasing claims ("Released Parties") in detail, so read it carefully. To summarize, the release includes TCPA claims that arise out of the improper use of an "automatic telephone dialing system" and/or an "artificial or prerecorded voice" to make telephone calls to residential or cellular phones, or calling telephone numbers on the National Do-Not-Call Registry without consent by Central Payment or on Central Payment's behalf.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue Central Payment, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself—or is sometimes referred to as "opting out" of the Settlement Class.

### 10. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter saying that you want to be excluded from the *Heidarpour v. Central Payment Co., LLC* settlement. You must sign the letter and include the following statement: "I request to be excluded from the settlement in the Central Payment action." Please be sure to include your name, address, telephone number, and signature. You must mail your exclusion request postmarked no later than April 14, 2017 to the following address:

Central Payment Settlement
Settlement Administrator
Attention: Exclusion
P.O. Box 421
Claysburg, PA 16625

QUESTIONS? CALL 1-855-770-0003 TOLL FREE OR VISIT www.paymentprocessorTCPA.com
~ 4 ~

You cannot exclude yourself on the phone or by fax or email. If you ask to be excluded, you will not get any payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Central Payment in the future.

### 11. If I don't exclude myself, can I sue Central Payment for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Central Payment for the claims that this settlement resolves. If you already have a lawsuit that may relate to the claims being released as part of this class settlement, you should speak to your lawyer in that case immediately. You must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is April 14, 2017.

### 12. If I exclude myself, can I get anything from this settlement?

No. If you exclude yourself, do not submit a Claim Form to ask for a payment.

## THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in this case?

The Court has appointed Broderick & Paronich, P.C., The Law Office of Matthew P. McCue and The Koval Firm, LLC to represent you and other Settlement Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 14. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to $2,166,666 to them for attorneys' fees, together with $43,900.41 to cover out of pocket expenses. This amounts to 33 1/3% of the total $6,500,000 fund for attorneys' fees. This payment would pay Class Counsel for their time in investigating the facts, litigating the case, and negotiating the settlement. Class Counsel also will request a service award of $25,000 for the named Plaintiff to compensate him for his time and effort. The Court may award less than these amounts.

## OBJECTING TO THE SETTLEMENT

### 15. How do I object to the settlement?

If you are a Settlement Class member and you do not exclude yourself from the Settlement Class, you can object to the settlement if you don't like any part of it. You may give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to *Heidarpour v. Central Payment Co., LLC.* You must make your objection in writing and file it with the Court. The written objection by a class member must include: his or her full name; address; telephone number or numbers that he or she maintains were called; all grounds in detail for the objection,

with factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; a statement of the identity (including name, address, phone number and email) of any lawyer who was consulted or assisted with respect to any objection, and a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel. Any member of the Settlement Class who fails to timely file a written objection in accordance with the terms of this paragraph and as detailed in the Notice, and at the same time provide a copy of the filed objection to the Settlement Administrator, shall not be permitted to object to this Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Agreement by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.  You must file the objection with the Court no later than April 14, 2017.

*Heidarpour v. Central Payment Co., LLC*
Case No. 4:15-cv-139 (CDL)
Clerk of the Court
U.S. District Court for the Middle District of Georgia
120 12th St.
Columbus, GA 31902

### 16. What's the difference between objecting and excluding myself from the settlement?

Objecting simply means telling the Court that you don't like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

### 17. When and where will the Court hold a hearing on the fairness of the settlement?

The Court will hold the final fairness hearing at 10:00 a.m.. on May 4, 2017, before the Honorable Clay D. Land at the United States District Court for the Middle District of Georgia, 120 12th St., Columbus, GA 31902. The purpose of the hearing is for the Court to determine whether the settlement is fair, reasonable, adequate, and in the best interests of the class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed settlement, including those related to the amount requested by Class Counsel for attorneys' fees and expenses and the incentive award to the class representative. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**Note:** The date and time of the fairness hearing are subject to change by Court Order. Any changes will be posted at the Settlement website, www.paymentprocessorTCPA.com.

### 18. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come to the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it.

As long as your written objection was filed or mailed on time, and meets the other criteria described in the Settlement Agreement, the Court will consider it. You may also pay a lawyer to attend, but you don't have to.

### 19. May I speak at the hearing?

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement Agreement. If you filed an objection (*see* Question 15, above) and intend to appear at the hearing, you must state your intention to do so in your objection. You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

### 20. What happens if I do nothing at all?

If you do nothing, you'll get no money from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Central Payment about the legal issues released in this case.

## GETTING MORE INFORMATION

### 21. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You may review the Settlement Agreement on the Settlement Website at www.paymentprocessorTCPA.com. You can also get a copy of the Settlement Agreement by writing to Anthony Paronich, Broderick & Paronich, P.C., 99 High St., Suite 304, Boston, MA 02110, anthony@broderick-law.com.

### 22. How do I get more information?

You can call 1-855-770-0003 toll free; write to Central Payment Settlement Administrator, P.O. Box 421, Claysburg, PA 16625; or visit the website at www.paymentprocessorTCPA.com., where you will find answers to common questions about the settlement, a Claim Form, plus other information to help you determine whether you are a member of the Settlement Class. You also may write to Anthony Paronich, Broderick & Paronich, 99 High St., Suite 304, Boston, MA 02110, anthony@broderick-law.com.

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.**

# Exhibit D

To: Claims Administrator

From: Jacqueline Pruitt

Re: Claim ID #: 5101682

I would like to be excluded from the lawsuit suing Central Payment.

Yours Truly,

Jacqueline Pruitt-Adams