```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        COLUMBUS DIVISION

FRED HEIDARPOUR, individually        *
and on behalf of a class of all      *
persons and entities similarly       *
situated                             *
                                     *
                                     *
        Plaintiff,                   *
                                     *
v.                                   *  Case No:4:15-cv-139(CDL)
                                     *
CENTRAL PAYMENT CO., LLC,            *
                                     *
        Defendant.                   *
```

**FINAL APPROVAL ORDER AND JUDGMENT**

This matter having come before the Court on Plaintiff's motion for final approval (the "Motion for Final Approval") of a proposed class action settlement (the "Settlement") of the above-captioned action (the "Action") between Fred Heidarpour ("Plaintiff"), individually and on behalf of the class of persons he seeks to represent (the "Settlement Class" defined below), and Central Payment Co., LLC ("Central Payment") (Plaintiff and Central Payment are collectively referred to as the "Parties") pursuant to the parties' Class Action Settlement Agreement (the "Agreement" or the "Settlement Agreement"), and having duly considered all papers filed and arguments presented, the Court hereby finds and orders as follows:

1. Unless defined herein, all defined terms in this Final Approval Order and Judgment shall have the respective meanings

set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The Court preliminarily approved the Settlement Agreement and entered the Preliminary Approval Order dated January 17, 2017 (Dkt.63), and notice was given to all members of the Settlement Class under the terms of the Preliminary Approval Order.

4. The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Plaintiff, Settlement Class Members, and Central Payment, and supporting declarations. The Court has not received any objections from any person regarding the Settlement Agreement. The Court held a hearing on May 4, 2017, at which time the parties were afforded the opportunity to be heard in support of or in opposition to the Settlement Agreement. Furthermore, the Court finds that notice under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, was effectuated on December 31, 2016, and that ninety (90) days has passed without comment or objection from any governmental entity.

5. Based on the papers filed with the Court and the presentations made to the Court at the hearing, the Court now

gives final approval to the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement Agreement is the result of arms' length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

6. Under Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following class:

> All persons or entities who, at any time from August 18, 2011 through the date of the Settlement Agreement, received one or more of the Covered Calls. "Covered Calls" means a call to a residential or wireless telephone number, made by Korthals, LLC ("Korthals") on behalf of Korthals and/or Central Payment, where the call either (1) utilized a pre-recorded message; or (2) was made through the use of automated dialing equipment; or (3) was made to a telephone number that was registered on the National Do Not Call Registry, where the call described in (1), (2), and/or (3) relates in any way to Central Payment's and/or Korthals' products or services or was intended to generate a sales lead to be delivered to Central Payment and/or Korthals. Covered Calls include calls initiated by Korthals relating in any way to Central Payment's and/or Korthals' business. Covered Calls include any such calls, whether or not authorized by, approved by, or known by Central Payment and/or Korthals.

7. Under Federal Rule of Civil Procedure 23, Fred Heidarpour is hereby appointed as Class Representative and the following are hereby appointed as Class Counsel:

```
                    Edward Broderick
                    Anthony Paronich
              BRODERICK & PARONICH, P.C.
                 99 High St., Suite 304
               Boston, Massachusetts 02110

                    Matthew P. McCue
          THE LAW OFFICE OF MATTHEW P. MCCUE
                1 South Avenue, Suite 3
                Natick, Massachusetts 01760

                    Steven H. Koval
                  THE KOVAL FIRM, LLC
                  3575 Piedmont Road
                   Atlanta, GA 30305
```

The Court appoints the TSYS Center for Cybersecurity at Columbus State University as the *cy pres* designee in the event funds remain after distributions to class members that cannot be economically distributed to participating class claimants.

8. With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representative, identified above, are typical of the claims of the Settlement Class; (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (f) certification of the Settlement

Class is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds that: (g) the members of the Settlement Class have a limited interest in individually prosecuting the claims at issue; (h) the Court is satisfied with the Parties' representations that they are unaware of any other litigation commenced regarding the claims at issue by members of the Settlement Class; (i) it is desirable to concentrate the claims in this forum; and (j) it is unlikely that there will be difficulties encountered in administering this Settlement.

9. The Court has determined that the notice given to the Settlement Class, in accordance with the Notice Plan in the Settlement Agreement and the Preliminary Approval Order, fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law.

10. The Court finds that Defendant properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11. All persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not

bound by this Final Approval Order and Judgment.

12. The Court orders the parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

13. The Court dismisses this action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

14. On and after the Effective Date, the Releasing Parties, and each of them, are forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing, commencing, prosecuting, continuing, or litigating any other proceeding against any of the Released Parties in any jurisdiction based on or relating in any way to the Released Claims, and the Releasing Parties, and each of them, are forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any way to the Released Claims.

15. The Court further adjudges that upon the Effective

Date, the above-described releases and the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties, and each of them.

16. Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement, including the bar order set forth in paragraph 14 above.

17. The Court approves payment of attorneys' fees to Class Counsel in the amount of $2,166,666 together with out of pocket attorneys' expenses incurred in prosecuting the action of $43,900.41. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class

Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses and in response to the filed objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable and the Court notes that the class notice specifically and clearly advised the class that Class Counsel would seek the award.

18. The Court approves the incentive fee payment of $25,000 for Fred Heidarpour and specifically finds such amount to be reasonable in light of the service performed by Plaintiff for the class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

19. Neither this Final Approval Order and Judgment nor the Settlement Agreement shall be construed or used as an admission or concession by or against either Central Payment or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims. This Final Approval Order and Judgment is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by Central Payment or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or Central Payment.

20. The Court finds that no just reason exists for delay in entering this Final Approval Order and Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order and Judgment.

DATED: May 4, 2017           s/Clay D. Land
                             Clay D. Land
                             Chief Judge
                             United States District Court
                             Middle District of Georgia